Green, J.
delivered the opinion of the court.
This suit was commenced before a justice of the peace, who gave judgment against the plaintiff. When the cause came into the circuit court, the defendant moved the court to dismiss it from the docket, because there was no entry in the justice’s record, showing that an appeal had been prayed and granted from the judgment of the justice of the peace. The plaintiff then produced the appeal bond, which recites that the plaintiff had prayed an appeal to the circuit court, and *16 asked leave for the justice, who granted the appeal, to amend the papers, so as to show that an appeal had been prayed and granted. But the court refused to permit the amendment, and dismissed the suit, from which judgment this appeal in error is prosecuted.
The Act of 1821, c 21, § 1, provides, that when an appeal may be taken from the decision of a justice of the peace, “and exception shall be taken to the form of the entry made by such inferior jurisdiction, in granting the appeal, or to the sufficiency of the bail or security given on said appeal, or to the form of the bond, or that no bond has been taken, the court shall, from time to time, on application, allow the party making the same to supply any defect in the proceedings of the inferior jurisdiction, as though the same had been commenced in that court.”
Under the authority of this act, the court decided in the case of Rogers v Cochran, 3 Yer. 311, that if the entry of the justice of the peace failed to show to what court the appeal was prayed, it might be amended, the recital in the appeal bond, specifying the court to which the appeal was taken. In that case the recital in the appeal bond was the only evidence by which the amendment could be made, and the recital here will as surely guide and direct what amendment should be made as in that case; although not within the express words of the act of 1821, yet we think this case comes within its spirit and meaning, and that the circuit court ought to have permitted the amendment to be made.
The case of Cooley vs. Julin, 5 Yer. 439, is not an authority against this conclusion, although it is said in the opinion, in that case, “that a recital in an appeal bond, will not, of itself, be proof of an appeal prayed and granted;” yet, in a subsequent part of the same opinion the court say, “Why did not Julin have the record amended, so as to show that both himself and Cooley had brought up the appeal?” From this case it is seen, that although the recital in the-bond will not of itself give the court jurisdiction of the case as an appeal, yet it is sufficient to authorise an amendment of the record, so as to make it appear an appeal had been prayed and granted.
*17 Let the judgment be reversed, and the cause be remanded, to be proceeded in.